UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY INSURANCE FUND, TRUSTEES OF THE DISTRICT COUNCIL NO. 9 PAINTING INDUSTRY ANNUITY FUND, and DISTRICT COUNCIL NO. 9 INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES, A.F.L.-CIO,<br><br>                               Petitioners,<br><br>            -against-<br><br>J & S INSTALLATION LLC,<br><br>                               Respondent. | Case No. 1:24-cv-04145 (JLR)<br><br>**MEMORANDUM**<br>**OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On May 30, 2024, Petitioners – District Council No. 9 International Union of Painters and Allied Trades, A.F.L.-C.I.O. (the "Union") and Trustees of the District Council No. 9 Painting Industry Insurance Fund, and Trustees of the District Council No. 9 Painting Industry Annuity Fund, and (the "Trustees" and, together, "Petitioners") – filed a Petition under the Labor Management Relations Act of 1947 to confirm an arbitration award entered by the Glaziers Joint Trade Board (the "Joint Trade Board") on January 30, 2024 against J & S Installation LLC ("Respondent"). *See* Dkts. 1 ("Pet."), 3-1 ("Award"); *see also* Dkt. 1-1 ("Br."). For the following reasons, the Petition is GRANTED.

## BACKGROUND

The following undisputed facts are principally taken from Petitioners' Petition and their memorandum of law. *See* Pet.; Br.

The Union is a labor organization. Pet. ¶ . The Trustees are the "fiduciaries of jointly administered multi-employer, labor management" employee-benefit plans. *Id.* ¶ 2.

1

The Union entered into a collective bargaining agreement with the Window and Plate Glass Dealers Association, to which Respondent is a party. *Id.* ¶ 5; *see* Dkts. 3-2 to -3 (the "Agreement"). Under the Agreement, Respondent was required to submit wages and fringe benefits for covered employees. Pet. ¶ 7; *see* Agreement § 24.10(i).

On January 4, 2024, Petitioners filed a demand for arbitration with the Joint Trade Board, which they served on Respondent. *See* Pet. ¶ 8; Dkt. 3-4. On January 16, 2024, the Joint Trade Board held a hearing. Pet. ¶ 9. No representative appeared for Respondent. *See* Award at 3 (noting "[n]o appearance" by employer representative).

On January 30, 2024, the Joint Trade Board issued an opinion holding that Respondent had violated the Agreement by failing to submit wages and benefits on behalf of Union member Michael Cruz for work performed during December 11, 2023 through December 13, 2023. *Id.* ¶ 10; *see* Award at 3. The Joint Trade Board ordered Respondent to pay $4,000 in liquidated damages; $1,150.80 in wages; and $1,364.64 in benefits. *See* Award at 3.

Pursuant to the Award, Petitioners served a demand letter on Respondent for the $6,515.44 awarded. Pet. ¶ 13; *see* Dkt. 3-6. Respondent has made no payments under the Award. Pet. ¶ 14.

Petitioners filed the instant Petition to confirm the Award and a memorandum of law on May 30, 2024. *See generally* Pet.; Br. Petitioners also filed a declaration from Lauren M. Kugielska, which attached supporting documents, including the Award, the Agreement, and Petitioners' demand letter. Dkt. 3. On May 31, 2024, the Court issued an Order stating that the Petition to confirm the arbitration award would be treated as a motion for summary judgment and set down a briefing schedule. *See* Dkt. 2. The Court later extended its

deadlines, requiring Petitioners to file any additional supporting papers by July 12, 2024 and directing Respondent to file any opposition by August 5, 2024. Dkt. 10.

Respondent was served with the Petition through its authorized agent in person on June 20, 2024 and by certified mail on July 12, 2024. *See* Dkts. 11, 13. To date, Respondent has not appeared in this case, responded to the Petition, or otherwise sought relief from the Award.

## DISCUSSION

### I. Standard of Review

The Court's review of an arbitration award is "narrowly circumscribed and highly deferential – indeed, among the most deferential in the law." *NFL Mgmt. Council v. NFL Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021) (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)). An award should be confirmed as long as the arbitrator is "arguably construing or applying the contract and acting within the scope of his [or her] authority." *NFL Mgmt. Council*, 820 F.3d at 532 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "In other words, 'an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J Serv. Emps. Int'l*, 954 F.2d 794, 797 (2d Cir. 1992)). Notwithstanding this deferential standard, and the fact that this Petition is unopposed, the Court must still examine the record as it would in the context of a motion for summary judgment. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (holding

3

that "the petition and accompanying record should have been treated as akin to a motion for summary judgment based on the movant's submissions"). The Court must "determine if [the petitioner] has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

## II. Confirmation of the Arbitration Award

Petitioners timely filed the Petition to confirm the January 30, 2024 Award as it was filed within one year of the award. *See Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 159-60 (2d Cir. 2003) (holding that "a party to an arbitration is entitled to the benefits of the streamlined summary proceeding" to confirm if "it files at any time within one year after the award is made"). Respondent chose not to appear in this case or dispute the Petition, after having been provided sufficient notice and time to respond. After review of the Petition and supporting exhibits, the Court finds that there is no genuine issue of material fact in dispute precluding summary judgment for Petitioners. Respondent does not dispute that it was bound by the Agreement to provide pay wages and benefits for covered employees, and that the Agreement provided for arbitration of such disputes. *See* Agreement §§ 5, 13-14, 24. Respondent, despite receiving all notices in the matter, failed to respond or appear at the arbitration hearing on January 16, 2024. *See* Award at 3. Respondent did not file any opposition here, despite service of the Petition and supporting papers, and ample time to respond. *See generally* Dkts. 2, 10. Based on the record presented, there is more than a "colorable justification" for the Award. *Landau*, 922 F.3d at 498 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797). Therefore, the Court confirms the Award in favor of Petitioners.

**III.    Attorneys' Fees and Costs**

Petitioners further seek $2,520 in attorneys' fees for 8.4 hours of attorney time, and $560 in fees associated with the Petition to confirm the arbitration award. Dkt. 12 ¶¶ 4, 7.

In federal courts, under the American rule, a prevailing party generally cannot recover its attorneys' fees absent statutory authority. *See Int'l Chem. Workers Union (AFL-CIO), Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (detailing American rule and noting that Section 301 of the LMRA does not provide for attorneys' fees in actions to confirm an arbitrator's award).

A court has inherent equitable power to award attorneys' fees when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Int'l Chem. Workers Union (AFL-CIO), Local No. 227*, 774 F.2d at 47 (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974)). In the context of confirmation of arbitration awards, the Second Circuit has articulated the following "guiding principle" regarding this inherent equitable power: "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (citation omitted). "Courts in this district have thus routinely awarded attorney's fees when the respondent has neither complied with the award nor opposed the petition to confirm arbitration." *Gerlman v. Borruso*, No. 19-cv-10649 (RA), 2020 WL 4266678, at *4 (S.D.N.Y. July 23, 2020) (collecting cases). However, some courts refuse to do so absent a showing of bad faith. *See, e.g.*, *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. H. Indus. Union Furniture Installers Inc.*, No. 20-cv-02828 (PAE), 2020 WL 2787656, at *4 (S.D.N.Y. May 29, 2020) (declining to award attorneys' fees in the absence of evidence of bad faith).

The Court need not reach the question of whether Petitioners have met their burden of showing bad faith here because the agreement between the parties provide for an award of

attorneys' fees and costs. *See* Agreement §§ 14.2(b), 15.1(c). Attorneys' fees and costs may be awarded if the parties contractually agreed as such. *See McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993) (holding that "parties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees"); *N.Y.C. Dist. Council of Carpenters Pension Fund v. Dafna Const. Co.*, 438 F. Supp. 2d 238, 242 (S.D.N.Y. 2006) (awarding attorneys' fees in confirming an arbitration award "because the Agreement itself require[d] [respondent] to pay attorneys' fees incurred by the Trustees in seeking confirmation"); *SEIU v. Stone Park Assocs., LLC*, 326 F. Supp. 2d 550, 551, 551, 556 (S.D.N.Y. 2004) (awarding attorneys' fees when confirming arbitration award, "as provided in the collective bargaining agreement"); *Trustees of NYC Dist. Council of Carpenters Pension Fund v. Mahi Painting, Inc.*, No. 1:22-cv-06496 (GHW), 2022 WL 7584364, at *5 (S.D.N.Y. Oct. 13, 2022) (finding "an award of attorneys' fees and costs justified" where the party's collection policy entitled the petitioners to recover attorneys' fees incurred while enforcing their right to payroll audits and the respondents did not comply with the resulting arbitration award).

Respondent is a party to the Agreement, which states that a "Signatory Employer" who fails to make timely contributions to an employee's pension fund "shall be liable for all costs of collection of the payments due together with attorneys' fees and such penalties as may be assessed by the Trustees." Agreement § 14.2(b). The Agreement also states that a "Signatory Employer" delinquent on fringe-benefit contributions shall also owe "all reasonable expenses incurred by the Trustees in the collection of any delinquency, . . . including but not limited to (i) reasonable attorneys' fees; . . . and (vi) court costs and disbursements." *Id.* § 15.1(c). These provisions grant a contractual right to Petitioners to

recover attorneys' fees incurred in collecting delinquent amounts owed by Respondent under the Agreement.

Finally, Petitioners have provided detailed time records and met their burden of proving the reasonableness and necessity of the hours spent, rates charged, and litigation costs incurred, especially given the modest amount of time (8.4 hours) that was spent in connection with this matter. *See* Dkts. 12 ¶¶ 4-7; 12-1 (invoice for service-of-process fee).

## CONCLUSION

For the reasons stated above, the Court grants Petitioners' unopposed Petition to confirm the Award. Judgment is entered in favor of Petitioners and against Respondent as follows:

(a) The arbitration award dated January 30, 2024 is confirmed;

(b) Respondent is ordered to pay Petitioners a total of $6,515.44 pursuant to the terms of the Award;

(c) Respondent is ordered to pay Petitioners post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961(a); and

(d) Respondent is ordered to pay Petitioners $3,080 in attorneys' fees and costs.

Dated: August 13, 2024
         New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge